# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF MONTANA
# BILLINGS DIVISION

| | |
|---|---|
| CHAD STONE, <br><br> Plaintiff, <br><br> vs. <br><br> BERT HERWITZ; PARK COUNTY, MONTANA; and STATE OF MONTANA <br><br> Defendants. | CV 23-95-BLG-SPW-TJC <br><br> **ORDER** |

Plaintiff Chad Stone, a self-represented litigant, filed a Complaint on August 23, 2023, pursuant to 42 U.S.C. § 1983. (Doc. 1.) Stone alleges violations of his constitutional rights by Defendants, and he seeks an award of damages.

## I.   MOTION TO PROCEED IN FORMA PAUPERIS

Stone has moved to proceed in forma pauperis. He has adequately shown that he is unable to pay the $402.00 filing fee. His motion (Doc. 3) will be granted, and the filing fee will be waived.

## II.   SCREENING

When a litigant proceeds in forma pauperis, the Court must dismiss the case if it is determined that the action (1) is frivolous or malicious, (2) fails to state claim on which relief may be granted, or (3) seeks monetary relief against defendants who are immune. 28 U.S.C. § 1915(e)(2). A complaint is frivolous if

1

it "lacks an arguable basis either in law or in fact," *Neitzke v. Williams*, 490 U.S. 319, 325 (1989), and is malicious if it is "filed with the intention or desire to harm another," *Andrews v. King*, 398 F.3d 1113, 1121 (9th Cir. 2005).

A complaint fails to state a claim upon which relief may be granted if a plaintiff fails to allege "the grounds of his entitlement to relief." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal quotation marks and alteration omitted). Rule 8(a)(2) requires a complaint to "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Id.* (internal quotation marks omitted).

Rule 8 of the Federal Rules of Civil Procedure provides that a complaint "that states a claim for relief must contain . . . a short and plain statement of the claim showing that the [plaintiff] is entitled to relief." Fed. R. Civ. P. 8(a)(2). To satisfy the requirements in Rule 8, a complaint's allegations must cross "the line from conceivable to plausible." *Ashcroft v. Iqbal*, 556 U.S. 662, 680 (2009).

There is a two-step procedure to determine whether a complaint's allegations cross that line. *See id.* at 690; *Twombly*, 550 U.S. at 556. First, the Court must identify "the allegations in the complaint that are not entitled to the assumption of truth." *Iqbal*, 556 U.S. at 680. Factual allegations are not entitled to the assumption of truth if they are "merely consistent with a defendant's liability," or "amount to nothing more than a formulaic recitation of the elements" of a

constitutional claim. *Id.* at 678, 681 (internal quotation marks omitted). A complaint stops short of the line between probability and the possibility of relief where the facts pled are merely consistent with a defendant's liability. *Id.* at 678.

Second, the Court must determine whether the complaint states a "plausible" claim for relief. *Id.* at 679. A claim is "plausible" if the factual allegations, which are accepted as true, "allow[ ] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678. This inquiry is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679 (citation omitted). If the factual allegations, which are accepted as true, "do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not shown—that the pleader is entitled to relief." *Id.* (citing Fed. R. Civ. P. 8(a)(2)) (internal quotation marks and alteration omitted).

"A document filed pro se is to be liberally construed, and a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardu*, 551 U.S. 89, 94 (2007) (internal quotation marks omitted); *cf.* Fed. R. Civ. P. 8(e) ("Pleadings must be construed so as to do justice."). Courts must briefly explain deficiencies that may be cured by amendment, *see Akhtar v. Mesa*, 698 F.3d 1202, 1212 (9th Cir. 2012), but "need

3

not provide great detail or . . . act as legal advisors" to the plaintiff, *Noll v. Carlson*, 809 F.2d 1446, 1448–49 (9th Cir. 1987).

For the reasons described below, Stone's Complaint fails to satisfy the requirements of 28 U.S.C. § 1915(e)(2). As currently pled, the Complaint does not comply with the pleading requirements under Rule 8, and fails to state a claim upon which relief may be granted. These deficiencies might be cured by a clearer statement of his claims, facts to support those claims, and a clearer statement of defendants' actions. Stone will be given an opportunity to file an amended complaint, but he must meet the legal standards described below.

## III. STONE'S CLAIMS

In his Complaint, Stone alleges that Defendant Bert Herwitz[1] was the Acting Park County Attorney. In that capacity, Stone alleges Herwitz neglected his duty to prosecute crimes, including the failure to prosecute an individual for the theft of drugs from a veterinary clinic. This same individual was also allegedly responsible for kidnapping Stone's child, and Stone alleges that "[h]er false reporting and perjury have gone unpunished." (Doc. 1 at 7.)

Instead, Stone alleges that Herwitz pursued a "baseless federal prosecution" against Stone for unlawful possession of a firearm. The Complaint states that the

---

[1] It appears this name is misspelled. Plaintiff may be referring to Burt Hurwitz, Meagher County Attorney.

4

charges against Stone were ultimately dismissed, but Stone alleges he was arrested and detained on the charge and subjected to an unlawful search and seizure of his weapons.  (*Id.*)

Stone alleges the Montana Attorney General had the duty to investigate accusations of crimes against elected officials, such as Herwitz, and that the Attorney General and the State of Montana were "complicit and enabling" in the violation of his constitutional rights.  (*Id.*)

Stone brings his claims under 42 U.S.C. § 1983, and he seeks $5 million in damages each from Herwitz, Park County, and the State of Montana.

### A. Claims Against Bert Herwitz

Stone alleges Herwitz violated his constitutional rights under the Fourth Amendment in his capacity as Acting Park County Attorney, engaged in malicious prosecution for his role in a federal prosecution of Stone, and failed to bring charges against persons who committed crimes against Stone.  Each claim will be addressed in turn.

#### 1. Fourth Amendment Violation

Title 42 U.S.C. § 1983 "creates a private right of action against individuals who, acting under color of state law, violate federal constitutional or statutory rights."  *Deveraux v. Abbey*, 263 F.3d 1070, 1074 (9th Cir. 2001).  Section 1983 "is not itself a source of substantive rights, but merely provides a method for

5

vindicating federal rights elsewhere conferred." *Graham v. Connor*, 490 U.S. 386, 393–94 (1989) (citation omitted). "To establish § 1983 liability, a plaintiff must show both (1) deprivation of a right secured by the Constitution and laws of the United States, and (2) that the deprivation was committed by a person acting under color of state law." *Tsao v. Desert Palace, Inc.*, 698 F.3d 1128, 1138 (9th Cir. 2012).

To assert a claim under Section 1983, a plaintiff must demonstrate that each defendant personally participated in the deprivation of his constitutional rights. *Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989). A defendant deprives another of a constitutional right under Section 1983 "if he does an affirmative act, participates in another's affirmative acts, or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." *Johnson v. Duffy*, 588 F.2d 740, 743 (9th Cir. 1978).

A defendant may also be held liable as a supervisor under Section 1983 "if there exists either (1) his or her personal involvement in the constitutional deprivation, or (2) a sufficient causal connection between the supervisor's wrongful conduct and the constitutional violation." *Starr v. Baca*, 652 F.3d 1202, 1207 (9th Cir. 2011) (internal quotation marks omitted); *see also Rizzo v. Goode*, 423 U.S. 362, 371 (1976) (absent a positive act on behalf of the supervisor, the

plaintiff must show an "affirmative link" between the supervisor's acts and the alleged constitutional violation).

"The requisite causal connection can be established . . . by setting in motion a series of acts by others," or by "knowingly refusing to terminate a series of acts by others, which [the supervisor] knew or reasonably should have known would cause others to inflict a constitutional injury." *Starr*, 652 F.3d at 1207–08 (9th Cir. 2011) (alteration in original); *see also Larez v. City of Los Angeles*, 946 F.2d 630, 646 (9th Cir. 1991) ("Supervisory liability is imposed against a supervisory official in his individual capacity for his own culpable action or inaction in the training, supervision, or control of his subordinates, for his acquiescence in the constitutional deprivations of which the complaint is made, or for conduct that showed a reckless or callous indifference to the rights of others."). "[W]here the applicable constitutional standard is deliberate indifference, a plaintiff may state a claim for supervisory liability based upon the supervisor's knowledge of and acquiescence in unconstitutional conduct by others." *Hydrick v. Hunter*, 669 F.3d 937, 941 (9th Cir. 2012) (internal quotation marks omitted).

Here, Stone alleges that on or around August 24, 2023, he was subjected to a search and seizure of his weapons in violation of the Fourth Amendment. (Doc. 1 at 7.) But Stone does not state whether Herwitz had any personal involvement in the search and seizure; nor does he allege that Herwitz had any supervisory role

7

over those who were involved in the action. Stone also fails to state facts to demonstrate why this search and seizure violated his rights under the Fourth Amendment.

Without facts to show that Herwitz personally participated or had any supervisory responsibility, the allegations of the Complaint are not sufficient to draw a reasonable inference that Herwitz is liable for the alleged Fourth Amendment violation. The Complaint, therefore, fails to state a claim for relief against Herwitz based on the alleged search and seizure of Stone's firearms.

### 2. Malicious Prosecution

Stone alleges that Defendant Herwitz "pursued a baseless federal prosecution" against him, and that he was arrested and detained on the charge. (*Id.*)

The Supreme Court has recognized that a claim for malicious prosecution is actionable under the Fourth Amendment, at least to the extent the plaintiff was seized without probable cause. *Thompson v. Clark*, 142 S. Ct. 1332, 1337 (2022). The tort of malicious prosecution generally allows "recovery against an individual who ha[s] initiated or caused the initiation of criminal proceedings despite having 'no good reason to believe' that charges were 'justified by the facts and the law.'" *Id.* (quoting Thomas M. Cooley, *The Law of Torts* 180 (1880)). The elements of a malicious prosecution claim are: (1) the suit was initiated without any probable

8

cause; (2) the initiation of the suit was motivated by malice; and (3) the prosecution terminated favorably for the accused. *Id.* Malice exists if "the motive in instituting the suit was . . . without probable cause and for a purpose other than bringing the defendant to justice." *Id.* at 1338 (internal quotation marks omitted).

In this case, Stone alleges that he was arrested pursuant to a federal firearms charge under 18 U.S.C. § 922(g)(8). But again, he does not allege that Herwitz was responsible for initiating that prosecution. In fact, he alleges that Herwitz was acting as the Park County Attorney. Stone does not allege that Herwitz had any role within the U.S. Attorney's Office, or other federal law enforcement agency, where Herwitz would have had the authority to pursue a federal prosecution of Stone.

Therefore, Stone's allegations do not allege sufficient facts from which it may be inferred that Herwitz can be held liable for malicious prosecution in connection with the federal firearms charge. The Complaint, therefore, fails to state a claim for malicious prosecution, and the claim is subject to dismissal.

### 3. Failure to Prosecute

Stone alleges that Defendant Herwitz "consistently neglected his duty to prosecute crimes submitted by the Park County Sheriff's Department," including "numerous crimes" committed against him. He also specifically alleges that

charges were not brought against an individual for the theft of drugs from a veterinary clinic. (Doc. 1 at 7.)

It is clear, however, that Stone lacks standing to bring a claim for failure to prosecute another. As the Supreme Court recently observed, "this Court has long held 'that a citizen lacks standing to contest the policies of the prosecuting authority when he himself is neither prosecuted nor threatened with prosecution.'" *United States v. Texas*, 143 S. Ct. 1964, 1968 (2023) (quoting *Linda R. S. v. Richard D.*, 410 U. S. 614, 619 (1973)). Accordingly, where a plaintiff alleges an injury based on the alleged failure to enforce criminal laws against third parties, a plaintiff lacks Article III standing. *Id.*; *see also Lefebure v. D'Aquilla*, 15 F.4th 650, 655 (5th Cir. 2021) ("[C]ourts across the country have dutifully enforced this rule in case after case—refusing to hear claims challenging the decision not to investigate or prosecute another person.").

Therefore, Stone has no cognizable interest in the Park County Attorney bringing charges against other persons, including those who allegedly committed unspecified crimes against him. To the extent Stone intends to assert such a claim, Stone lacks standing to bring a claim against Herwitz for failure to prosecute.

/ / /

/ / /

/ / /

### B. Claims Against Park County, Montana

Stone alleges Defendant Park County violated his civil rights by failing to address Herwitz's allegedly unlawful conduct in his role as Acting Park County Attorney. (Doc. 1 at 7.)

Section 1983 extends to "[e]very person who, under color of any statute . . . custom, or usage of any State," deprives a person of rights secured by the Constitution or laws of the United States. Municipal entities, such as the County, are considered "persons" under Section 1983, and may be sued for causing a constitutional deprivation. *Monell v. Dep't of Soc. Servs. of City of N.Y.*, 436 U.S. 658, 690–91 (1978).

But a county "cannot be held liable solely because it employs a tortfeasor— or, in other words, a municipality cannot be held liable under § 1983 on a respondeat superior theory." *Id.* at 691. Rather, liability only attaches where "the municipality itself causes the constitutional violation through 'execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy.'" *Ulrich v. City & Cty. of S.F.*, 308 F.3d 968, 984 (9th Cir. 2002) (quoting *Monell*, 436 U.S. at 694).

Therefore, to impose municipal liability under Section 1983 for a violation of constitutional rights, a plaintiff must show: (1) that he possessed a constitutional right of which he was deprived; (2) that the municipality had a policy; (3) that this

policy 'amounts to deliberate indifference' to the plaintiff's constitutional right; and (4) that the policy is the 'moving force behind the constitutional violation.'" *Oviatt By & Through Waugh v. Pearce*, 954 F.2d 1470, 1474 (9th Cir. 1992) (quoting *City of Canton v. Harris*, 489 U.S. 378, 389–91 (1989)). A policy may be one of action or inaction. *Jackson v. Barnes*, 749 F.3d 755, 763 (9th Cir. 2014). "A policy of action is one in which the government body itself violates someone's constitutional rights, or instructs its employees to do so; a policy of inaction is based on a government body's failure to implement procedural safeguards to prevent constitutional violations." *Id.* To establish liability for a policy of inaction, the plaintiff must show that the policy constitutes deliberate indifference. *Id.* The plaintiff must also show that the constitutional violation could have been prevented with an appropriate policy. *Id.*

In addition to the form of municipal liability that arises from an expressly adopted official policy, municipal entities such as counties may also be subject to damages under Section 1983 resulting from injuries caused by a "policy" that takes the form of either (1) a long-standing practice or custom, or (2) a single act or decision of a final policymaker. *Ellins v. City of Sierra Madre*, 710 F.3d 1049, 1066 (9th Cir. 2013); *Christie v. Iopa*, 176 F.3d 1231, 1235 (9th Cir. 1999).

Here, Stone's allegations are insufficient to establish entity liability under Section 1983 against Park County. Stone makes no reference to an expressly

12

adopted official policy or a long-standing practice or custom. Further, Stone has not alleged sufficient facts showing that a single act or decision by a final policymaker within county government was the moving force behind a constitutional violation. Therefore, as currently pled, Stone fails to state a federal constitutional claim against Park County.

   C.   **Claims Against the State of Montana**

Stone alleges Defendant State of Montana oversaw the violation of his constitutional rights and failed to investigate or address Defendant Herwitz's unlawful behavior. (Doc. 1 at 7.)

The Eleventh Amendment bars suit in federal court against a state or state agency absent an express waiver of immunity by the State. *Puerto Rico Aqueduct & Sewer Authority v. Metcalf & Eddy, Inc.*, 506 U.S. 139, 144 (1993). The State of Montana has not waived immunity for tort claims brought in federal court. *See Sellers v. Leaver*, 2021 WL 4860204, at *1 (D. Mont. Oct. 19, 2021) (citing *Holladay v. Montana*, 506 F. Supp. 1317, 1321 (D. Mont. 1981)). There is an exception to the Eleventh Amendment's general prohibition for suits seeking "prospective declaratory or injunctive relief against state officers in their official capacities for their alleged violations of federal law." *Coal. to Defend Affirmative Action v. Brown*, 674 F.3d 1128, 1134 (9th Cir. 2012).

Here, the State of Montana is immune from suit in this Court and Stone's claim for damages against the State of Montana cannot be brought in the present action. As currently pled, Stone does not seek declaratory or injunctive relief. Therefore, Stone seeks monetary relief against a defendant who is immune from suit. He also fails to state a claim against the State of Montana upon which relief can be granted.

## IV. CONCLUSION

28 U.S.C. §§ 1915 and 1915A require the dismissal of a complaint that fails to state a claim upon which relief may be granted but do not deprive the district court of its discretion to grant or deny leave to amend. *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000). The Court can decline to grant leave to amend if "it determines that the pleading could not possibly be cured by the allegation of other facts." *Id.* (quoting *Doe v. United States*, 58 F.3d 494, 497 (9th Cir. 1995)). Nevertheless, leave to amend is liberally granted to pro se litigants unless it is "absolutely clear that the deficiencies of the complaint could not be cured by amendment." *Noll*, 809 F.2d at 1448 (citing *Broughton v. Cutter Labs.*, 622 F.2d 458, 460 (9th Cir. 1980)).

Stone's current Complaint fails to state a claim upon which relief may be granted and is subject to dismissal. But it may be possible to cure the defects with Stone's claims. Accordingly, Stone will be given an opportunity to file one

14

amended complaint to clarify his factual allegations and the specific defendants involved, to provide more specific allegations regarding his claims, and to provide specific factual allegations against each named defendant.

### A. Amended Complaint

Any amended complaint must be retyped or rewritten in its entirety on the court-approved form and may not incorporate any part of the original complaint by reference. Once Stone files an amended complaint, it replaces the original complaint, and the original complaint no longer serves a function in the case. *Ferdik v. Bonzelet*, 963 F.2d 1258, 1262 (9th Cir. 1992). If Stone fails to use the court-approved form, the Court may strike the amended complaint and recommend the dismissal of this action. Stone may not change the nature of this suit by adding new, unrelated claims in his amended complaint. *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints).

Any amended complaint must consist of short, plain statements telling the Court: (1) the rights Stone believes were violated; (2) the names of the defendants who violated the rights; (3) exactly what each defendant did or failed to do; (4) how the action or inaction of that defendant is connected to the violation of Stone's rights; (5) when the alleged actions took place; and (6) what injury Stone suffered because of that defendant's conduct. *Rizzo*, 423 U.S. at 371–72, 377.

Stone must repeat this process for each defendant. Conclusory statements are not enough, nor are declarations that all defendants violated some law or statute. Instead, Stone must provide specific factual allegations for each element of each of his claims and must state with specificity to which defendants each of his claims apply. If Stone fails to affirmatively link the conduct of a defendant with an injury suffered, the claim against that defendant will be dismissed for failure to state a claim.

**B.     Possible Dismissal**

If Stone fails to timely comply with every provision of this Order, this action may be dismissed. *Ferdik*, 963 F.2d at 1260–61 (court may dismiss an action for failure to comply with any order of the court).

**C.     Address Change**

At all times during the pendency of this action, Stone must immediately advise the Court of any change of address and its effective date. Failure to file a notice of change of address may result in the dismissal of the action for failure to prosecute pursuant to Fed. R. Civ. P. 41(b).

## ORDER

Based on the foregoing, **IT IS HEREBY ORDERED** as follows:

1.     Stone's motion to proceed in forma pauperis (Doc. 3) is GRANTED. The clerk shall waive payment of the filing fee.

2. The Clerk shall edit the text of the docket entry for the Complaint (Doc. 1) to remove the word "LODGED."

3. On or before **November 6, 2023**, Plaintiff may file an amended complaint.

4. With Plaintiff's service copy of this Order, the clerk shall include a form amended complaint.

5. <u>Plaintiff must immediately advise the Court of any change in his mailing address</u> by filing a Notice of Change of Address. Failure to do so may result in dismissal of this action without notice.

**IT IS ORDERED**.

DATED this 5th day of October, 2023.

_____
TIMOTHY J. CAVAN
United States Magistrate Judge